JUDGE SCHEINDLIN

Paul M. Fakler (PF-0249)
Martin Schwimmer (MS-7011)
Julie Stark (JS-8925)
Amanda J. Schaffer (AS-2004)
MOSES & SINGER LLP
405 Lexington Avenue
New York, New York 10174-1299
Tel.: 212-554-7800
Fax: 212-554-7700
pfakler@mosessinger.com
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                             :

THOIP (A Chorion Limited Company),   :
                             :
         Plaintiff,        :   08 Civ.
                             :     ECF Case
   - against -          :   **COMPLAINT AND**
                             :   **JURY DEMAND**
THE WALT DISNEY COMPANY,     :
                             :
        Defendant.       :
                             :
-------------------------------------------------------------- X

       Plaintiff THOIP (a Chorion Limited Company) ("THOIP"), for its Complaint against

Defendant The Walt Disney Company ("Disney") by its counsel Moses & Singer LLP, alleges

upon information and belief as to facts concerning others and upon personal knowledge as to

facts concerning THOIP, as follows:

### NATURE OF THE ACTION

       1.     This action arises from Defendant's intentional infringement of THOIP's

longstanding and well-known LITTLE MISS trademarks, which have been used in connection

with a wide variety of products, including a very successful and popular line of T-shirts.

Specifically, Defendant Disney has willfully targeted THOIP's popular branded products and

launched its own line of T-shirts that infringe: 1) several of THOIP's LITTLE MISS word

marks; 2) several of THOIP's LITTLE MISS word plus design marks ("Character Marks"); 3)

THOIP's family of LITTLE MISS word marks; and 4) THOIP's family of LITTLE MISS

Character Marks (collectively, the "LITTLE MISS Marks").

2.      Defendant is selling its infringing T-shirts in the very same Disneyland theme

park that also sells authentic, licensed LITTLE MISS T-shirts, in a deliberate bid to unfairly

trade on the extraordinary goodwill, recognition and popularity that THOIP's LITTLE MISS

Marks enjoy with the buying public.  Defendant also intends to confuse people into buying its T-

shirts because they mistakenly believe the infringing shirts are affiliated with the LITTLE MISS

brand of products or otherwise authorized by THOIP, thereby unfairly diverting sales from

THOIP to itself.

3.      In this matter, THOIP brings causes of action for false designation of origin in

violation of 15 U.S.C. § 1125(a), as well as trademark infringement and unfair competition in

violation of the common law of the state of New York.  Plaintiff seeks equitable relief and

damages.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over this action pursuant to 15

U.S.C. § 1121(a) and pursuant to 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims arising under New York law because

all of the claims herein arise out of a common nucleus of operative facts.  The Court also has

diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff

THOIP is a subject of a foreign state, Defendant Disney is a citizen of the states of Delaware and

California, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant because Defendant maintains a continuous business presence within the State of New York and is doing business in New York.  This Court also has personal jurisdiction over Defendant because it has registered to do business in New York as a foreign corporation and in doing so has appointed an agent for the service of process within New York and has consented to general personal jurisdiction in New York.  The Court also has personal jurisdiction over Defendant because it has distributed the infringing products in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c) because Disney is subject to personal jurisdiction in this district and a substantial part of the events giving rise to THOIP' s claims, including Disney's infringing acts, occurred in this district.

## THE PARTIES

7.      THOIP (pronounced "thoyp") is a company incorporated under the laws of England & Wales under company number 01610133, and has a registered address and principal place of business at 4th Floor, Aldwych House, 81 Aldwych, London, WC2B 4HN, United Kingdom.  THOIP's principal place of business in the United States is located at 60 East 42nd Street, Suite 1620, New York, New York 10165.

8.      Disney is a company incorporated under the laws of Delaware and has a registered address and principal place of business at 500 South Buena Vista Street, Burbank, California, 91521.  Disney has registered as a foreign business corporation with the State of New York.

## FACTS

**The History of the MR. MEN and LITTLE MISS Marks**

9.      Roger Hargreaves ("Hargreaves") began writing and illustrating children's books featuring his original creations, the MR. MEN characters in 1971 when he created and published his first book about MR. TICKLE. This character was inspired when his son asked him what a tickle looked like. In response, Hargreaves created a fanciful depiction of MR. TICKLE as a round, orange figure with long, bendy arms.

10.      Each book Hargreaves created in the original MR. MEN (and later LITTLE MISS) series introduced a different title character and their one-word name based upon a personality trait in order to convey a simple moral lesson. The MR. MEN (and LITTLE MISS) characters would frequently reappear in the later books of other characters. The books' simple and silly stories, with their brightly-colored and boldly drawn illustrations made them quite popular. They have sold over 100 million copies worldwide in 22 languages. Over 5.5 million copies of the books have sold within the United States alone.

11.      From 1971 through the present, over 50 different MR. MEN characters have appeared in at least 130 published books, each book with a title character prominently featured on the cover, as well as various television programs and videos. The books are promoted to the public as a series (for example being sold in box sets) where MR. MEN is the common element in the titles of all the books. The back cover of a MR. MEN book features the family of MR. MEN characters with their names (e.g. MR. NICE) set out in a grid for the consumer to view, further enhancing consumer recognition of the various MR. MEN characters and trademarks as a related family of characters and trademarks.

12.     In 1981, further to the success of the MR. MEN line, Hargreaves created the LITTLE MISS series of books, releasing a book titled and featuring LITTLE MISS BOSSY. LITTLE MISS BOSSY was soon followed by LITTLE MISS NAUGHTY, also in 1981. From 1981 through the present, over 35 LITTLE MISS characters have been created and featured in at least 75 books, each book with a title character prominently featured on the cover, as well as various television series and videos. As with the MR. MEN books, the LITTLE MISS books are promoted to the public as a series, often in box sets. The back cover of a LITTLE MISS book also features the family of LITTLE MISS characters with their names (e.g. LITTLE MISS BOSSY) set out in a grid for the consumer to view, further enhancing consumer recognition of the various LITTLE MISS characters and trademarks as a related family of characters and trademarks.

13.     The characters are drawn with expressions and body postures that visually depict their one-word character trait name. For example, LITTLE MISS BOSSY is a girl figure posed with her mouth open and her finger pointed, presumably giving an order; LITTLE MISS NAUGHTY is a girl figure drawn with a mischievous look on her face; LITTLE MISS SPLENDID is a girl figure drawn with a pompous look on her face and a corresponding body posture; and LITTLE MISS BAD is a girl figure drawn with a wicked look on her face. The cover titles and character names for the MR. MEN and LITTLE MISS books consistently use identical or very similar sans-serif typefaces in block lettering.

14.     In April 2004, THOIP acquired the rights to the MR. MEN and LITTLE MISS Marks, books and characters from the Hargreaves family and certain entities controlled by the Hargreaves family.

15.    In addition to the worldwide distribution and popularity of the MR. MEN and
LITTLE MISS books, the images, characters, stories and settings from the books have been
extensively licensed for a wide range of uses worldwide.  From 2007 through the present,
THOIP has generated licensing revenues for the MR. MEN and LITTLE MISS trademarks
(including publishing) of over $6.3 million in the United States alone.

16.    As an example of broadening use of the MR. MEN and LITTLE MISS characters,
the books have been adapted into animated television programs here and abroad.  There were
several series featuring the characters that aired in the United Kingdom beginning in 1975.  A
later series was shown in the United States in the 1990s.

17.    In 2006, Renegade Animation produced a new licensed series entitled "The Mr.
Men Show," which debuted in the U.S. on the Cartoon Network in February 2008 and includes
MR. MEN and LITTLE MISS characters.  "The Mr. Men Show" is directed by Mark Risley and
written and produced by Eryk Casemiro and Kate Boutilier, the creative team from
Nickelodeon's hit shows Rugrats, The Wild Thornberrys and As Told by Ginger.

18.    Cartoon programs featuring the MR. MEN and LITTLE MISS characters have
also been released on home video, including in the United States.

19.    In the mid 1980s, the LITTLE MISS and MR. MEN characters were licensed for
use by the restaurant chain Arby's, which distributed figurines, glasses and school supplies
depicting the LITTLE MISS and MR. MEN characters.  These items are still traded by
enthusiasts.

20.    Since that time the MR. MEN and LITTLE MISS characters have been licensed
for many other products such as mugs, games, plush toys, backpacks, tote bags, pajamas, office

supplies, cosmetics, underwear, accessories, slippers, jewelry, raingear, stationery, handbags, footwear, pet items, hosiery and socks, clothing, bath and body products, wall art, room décor, bedding, towels, bath accessories, furniture, placemats, lighting, candy, bandages, beverages, magnets, air fresheners, cell phone related items, figurines, cards, CD cases, toys, coin banks, ornaments, novelty products, posters, calendars, mobile downloads, and electronics.

21.    As with the MR. MEN and LITTLE MISS books, the promotional materials for these other MR. MEN and LITTLE MISS licensed products feature groups of the characters laid out on a single page, so the consumer can view the MR. MEN and LITTLE MISS family of characters and trademarks together.

22.    THOIP has heavily promoted MR. MEN and LITTLE MISS products and has spent significant sums for marketing and promotions since it acquired the rights to the MR. MEN and LITTLE MISS Marks, books and characters, including over $1 million in 2007.

23.    These other various MR. MEN and LITTLE MISS licensed products are sold at well known retailers including The Container Store, Urban Outfitters, Delia*s, Wal-Mart, Kohl's, J.C. Penny, Mervyn's, Sears, and Target.

24.    One of the most recognizable and well-known licensed uses of the LITTLE MISS trademarks to date is the very product Defendant has intentionally copied, namely T-shirts that display the character's image and name – in a format taken exactly from the iconic cover of each book.  Soon after entering the market in mid-2006, the LITTLE MISS T-shirts became wildly popular when several young celebrities (including Britney Spears and Paris Hilton) were photographed wearing the T-shirts.  Sales of the T-shirts for 2007 were almost $10 million and this year to date have been approximately $4 million.  The LITTLE MISS T-shirts are distributed

in over 5000 boutique locations in the U.S., as well as large chain department stores such as Bloomingdales, Saks Fifth Avenue, Gap Kids, Macy's, Nordstrom, Target and Kohl's.

**The Mr. Men and Little Miss Trademarks**

25.    THOIP owns U.S. Registration No. 2,233,157 for the mark MR MEN LITTLE MISS and design, which registration is valid and subsisting and is incontestable pursuant to Section 15 U.S.C. Section 1065. THOIP also owns over 40 pending applications to register various individual MR. MEN and LITTLE MISS trademarks.

26.    THOIP owns common law trademark rights throughout the United States for the MR. MEN word mark for each MR. MEN character (the "MR. MEN Word Marks") by virtue of its continuous use of those Marks in interstate commerce, some of which have been used since at least as early as 1981. The individual MR. MEN Word Marks include:  MR. TICKLE · MR. GREEDY · MR. HAPPY · MR. NOSEY · MR. SNEEZE · MR. BUMP · MR. SNOW · MR. MESSY · MR. TOPSY-TURVY · MR. SILLY · MR. UPPITY · MR. SMALL · MR. DAYDREAM · MR. FORGETFUL · MR. NOISY · MR. LAZY · MR. FUNNY · MR. MEAN · MR. CHATTERBOX · MR. FUSSY · MR. BOUNCE · MR. MUDDLE · MR. DIZZY · MR. IMPOSSIBLE · MR. STRONG · MR. GRUMPY · MR. CLUMSY · MR. QUIET · MR. RUSH · MR. TALL · MR. WORRY · MR. NONSENSE · MR. WRONG · MR. SKINNY · MR. MISCHIEF · MR. CLEVER · MR. BUSY · MR. SLOW · MR. BRAVE · MR. GRUMBLE · MR. PERFECT · MR. CHEERFUL · MR. COOL · MR. RUDE · MR. GOOD · MR. CHEEKY · MR. CHRISTMAS · and MR. BIRTHDAY.

27.    THOIP owns common law trademark rights throughout the United States for the MR. MEN Character Mark for each MR. MEN character (the "MR. MEN Character Marks") by virtue of its continuous use of those Marks in interstate commerce, some of which have been

used since at least as early as 1981.  The individual MR. MEN Character Marks comprise the

MR. MEN Word Mark for each MR. MEN character plus the corresponding cartoon image of

that character portraying the relevant personality trait.  Attached as Exhibit 1 are examples of the

MR. MEN Character Marks.

28.     THOIP owns common law trademark rights throughout the United States for the

family of MR. MEN Word Marks (the "MR. MEN Word Mark Family") by virtue of its

continuous use of that Family in interstate commerce in such a way that the public understands

that Family to designate a single source or origin for multiple products.  The MR. MEN Word

Mark Family comprises the consistent formative "MR." word mark element combined with a

different personality trait for each individual mark in the Family.

29.     THOIP owns common law trademark rights throughout the United States for the

family of MR. MEN Character Marks (the "MR. MEN Character Mark Family") by virtue of its

continuous use in interstate commerce of that Family in such a way that the public understands

that Family to designate a single source or origin for multiple products.  The MR. MEN

Character Mark Family comprises the consistent formative "MR." word mark element combined

with a different personality trait plus a cartoon image depicting the character portraying that

personality trait for each individual mark in the Family.

30.     THOIP owns common law trademark rights throughout the United States for the

LITTLE MISS word mark for each LITTLE MISS character (the "LITTLE MISS Word Marks")

by virtue of its continuous use in interstate commerce of those Marks, some of which have been

used since at least as early as 1981.  The LITTLE MISS Word Marks include:  LITTLE MISS

BOSSY · LITTLE MISS NAUGHTY · LITTLE MISS NEAT · LITTLE MISS SUNSHINE ·

LITTLE MISS TINY · LITTLE MISS TROUBLE · LITTLE MISS GIGGLES · LITTLE MISS

HELPFUL · LITTLE MISS MAGIC · LITTLE MISS SHY · LITTLE MISS SPLENDID · LITTLE MISS CHATTERBOX · LITTLE MISS DOTTY · LITTLE MISS LATE · LITTLE MISS LUCKY · LITTLE MISS SCATTERBRAIN · LITTLE MISS STAR · LITTLE MISS BUSY · LITTLE MISS QUICK · LITTLE MISS WISE · LITTLE MISS TIDY · LITTLE MISS GREEDY · LITTLE MISS FICKLE · LITTLE MISS BRAINY · LITTLE MISS STUBBORN · LITTLE MISS CURIOUS · LITTLE MISS FUN · LITTLE MISS CONTRARY · LITTLE MISS SCARY · LITTLE MISS BAD · LITTLE MISS WHOOPS · LITTLE MISS CALAMITY and LITTLE MISS DAREDEVIL.

31.    THOIP owns common law trademark rights throughout the United States for the LITTLE MISS Character Mark for each LITTLE MISS character (the "LITTLE MISS Character Marks") by virtue of its consistent use in interstate commerce of those Marks, some of which have been used since at least as early as 1981.  The LITTLE MISS Character Marks comprise the LITTLE MISS Word Mark for each LITTLE MISS character plus the corresponding cartoon image of that character portraying the relevant personality trait.  Attached as Exhibit 2 is a selection of the LITTLE MISS Character Marks.

32.    THOIP owns common law trademark rights throughout the United States for the family of LITTLE MISS Word Marks (the "LITTLE MISS Word Mark Family") by virtue of its consistent use in interstate commerce of that Family in such a way that the public understands that Family to designate a single source or origin for multiple products.  The LITTLE MISS Word Mark Family comprises the consistent formative "LITTLE MISS" word mark element combined with a different personality trait for each individual mark in the Family.

33.    THOIP owns common law trademark rights throughout the United States for the family of LITTLE MISS Character Marks (the "LITTLE MISS Character Mark Family") by

virtue of its consistent use in interstate commerce of that Family in such a way that the public understands that Family to designate a single source or origin for multiple products. The LITTLE MISS Character Mark Family comprises the consistent formative "LITTLE MISS" word mark element combined with a different personality trait plus a cartoon image of the character depicting that personality trait for each individual mark in the Family.

34.    By virtue of THOIP's (and its predecessors in interest's) extensive and continuous use of the MR. MEN Word Marks, MR. MEN Character Marks, MR. MEN Word Mark Family and MR. MEN Character Mark Family (collectively, the "MR. MEN Marks") and the LITTLE MISS Word Marks, LITTLE MISS Character Marks, LITTLE MISS Word Mark Family and LITTLE MISS Character Mark Family (collectively, the "LITTLE MISS Marks"), throughout the United States in connection with a wide variety of goods, the public has come to attribute strong secondary meaning to the MR. MEN Marks and LITTLE MISS Marks. The public widely perceives the MR. MEN Marks and LITTLE MISS Marks as indicators that the products carrying such Marks come from the same source or are authorized, sponsored or endorsed by that source, namely THOIP.

**Defendant's Willful Infringements of THOIP's LITTLE MISS Marks**

35.    THOIP's licensing campaign for the MR. MEN Marks and LITTLE MISS Marks has been aggressive and very successful. The brands have a high profile in the licensing industry, in part due to the success of the books and licensed products, but also because THOIP spends substantial sums promoting the MR. MEN Marks and LITTLE MISS Marks, including at licensing industry trade shows. For the last several years, THOIP has exhibited at the Licensing International Expo (also known in the trade as the Licensing Show), prominently displaying the MR. MEN Marks and LITTLE MISS Marks for the purpose of promoting its licensed products

and securing licensees for new product to extend the brands. Disney, as one of the largest licensors of trademarked characters, also attends the Licensing Show every year and has been well aware of the success of the MR. MEN Marks and LITTLE MISS Marks.

36.    On May 22, 2006 Junk Food Clothing, Inc. ("Junk Food") licensed the MR. MEN Marks and LITTLE MISS Marks from THOIP for use on T-shirts. The MR. MEN and LITTLE MISS T-shirts are of a premium quality, with a well-worn, "faux-distressed," vintage appearance and a soft, buttery feel.

37.    Junk Food promotes its clothing products, including the MR. MEN and LITTLE MISS T-shirts, to retailers primarily through regional sales representatives and trade shows. One of the most important trade shows in the fashion industry is the Magic Marketplace Trade Show, which takes place twice a year in Las Vegas. Exhibitors at the show include men's and women's designer, contemporary, streetwear, casual and active clothing, footwear and accessories, children's clothing, fabrics, swimwear, and eco-conscious designs from around the word. Junk Food also promotes its licensed clothing at various regional trade shows, which occur at least once a month and also at certain smaller, high-end trade shows.

38.    As a purveyor and licensor of character-based T-shirts and clothing, Disney also attends the Magic Marketplace Trade Shows as well as the same regional and high-end trade shows that Junk Food attends.

39.    The first trade show promotion of the MR. MEN and LITTLE MISS T-shirts by Junk Food was at the August 2006 Magic Marketplace Trade Show. Disney was also an exhibitor at that show and was exposed to Junk Food's licensed T-shirts at the show. Disney was well aware of the MR. MEN and LITTLE MISS Marks and characters for many years prior to the release of the licensed T-shirts, due to the success of the books and other licensed products.

40.    Junk Food also promotes its clothing directly to consumers. Its most successful strategy has been "celebrity seeding," which is the "gifting" of T-shirts (and other products) to celebrities with the hope that the celebrities will be pictured in the media wearing a Junk Food shirt. Celebrity seeding has been and continues to be extremely successful for the MR. MEN and LITTLE MISS T-shirt lines. Junk Food's network of thousands of retailers also promote the MR. MEN and LITTLE MISS T-shirts to consumers, through advertising and in-store displays.

41.    In or around July 2006, Junk Food began selling the LITTLE MISS and MR. MEN T-shirt lines at Urban Outfitters stores. In August, 2006, Junk Food began selling the LITTLE MISS T-shirt line to Kitson on Robertson Boulevard in Los Angeles, the "home of celebrity shopping." Soon thereafter, approximately 5,000 independent boutiques, as well as several large department stores such as Bloomingdales, Macy's, Saks 5th Avenue and Nordstrom were carrying the line. The T-shirts were also widely available from any number of on-line retailers. The T-shirts continue to be sold through those retail channels to this day and have been wildly popular with consumers.

42.    In or around May 2007, Disney itself began purchasing the licensed LITTLE MISS T-shirt line from Junk Food for sale in their Vault 28 store located within its Disneyland theme park in Anaheim, California. Disney allows very little third-party merchandise to be sold within its theme parks.

43.    At the very end of March 2008, THOIP became aware that Defendant was selling T-shirts in its World of Disney stores that are virtually identical copies of the licensed LITTLE MISS T-shirts, but replacing THOIP's visual depiction of its characters with certain Disney Characters (the "Little Miss Disney Shirts"). Disney, and/or one or more of its subsidiaries, affiliates, related companies, licensees or business divisions, designed, approved, ordered,

manufactured, caused to be manufactured, marketed, promoted and/or sold the Little Miss

Disney Shirts, and continue to do so to this day. The designs of the Infringing Products are

attached as Exhibit 3, with comparison to Junk Food's licensed T-shirts.

44.    The authorized LITTLE MISS T-shirts and the Little Miss Disney Shirts both:

1)    use as their most prominent term the consistent formative LITTLE MISS
element;

2)    followed by a personality trait, usually self-deprecating;

3)    rendered in identical sans-serif block letter typefaces, taken from the MR.
MEN and LITTLE MISS book covers;

4)    alongside a cartoon character visually portraying the relevant personality
trait;

5)    the shirts are rendered in faux-distressed style;

6)    the shirts are made from a fabric made to appear and feel well-worn and
soft.

45.    Indeed, one of the Little Miss Disney Shirts copies the exact LITTLE MISS Word

Mark, LITTLE MISS BOSSY, which is one of the most popular of the LITTLE MISS

characters. The other Little Miss Disney Shirts use personality traits that are identical or similar

in meaning to those used in various of the MR. MEN Marks or LITTLE MISS Marks.

46.    Immediately after learning of Disney's infringement, THOIP purchased several of

the Little Miss Disney Shirts from the New York World of Disney Store. Thereafter, THOIP

continued investigating the infringement, including by contacting the company that THOIP

believed may have been the licensed manufacturer of the Little Miss Disney Shirts, but which

turned out to have merely supplied the blank T-shirts for the infringing Shirts. Disney is selling

the Little Miss Disney Shirts in its World of Disney Store locations, including the store located

within the Disneyland theme park, as well as other retail outlets.

**Defendant's Continued Willful Infringement of THOIP's LITTLE MISS Marks**

47.    After completing the preliminary phase of its investigation, on or about May 15, 2008 and again on June 5, 2008, THOIP notified Defendant that the Little Miss Disney Shirts infringed THOIP's trademarks. The parties communicated several more times over the next several weeks, while THOIP attempted to negotiate an amicable resolution of this dispute. After further discussions, however, Defendant ultimately refused to cease distribution of the Little Miss Disney Shirts.

48.    Defendant's infringing activities have caused and will continue to cause confusion or mistake, or will deceive the public into thinking that THOIP is the source of Defendant's Little Miss Disney Shirts or that the Little Miss Disney Shirts are sponsored, authorized, or endorsed by, or affiliated, connected or associated with, THOIP. Defendant has created these misimpressions intentionally, willfully, recklessly and in bad faith.

49.    Defendant's infringing activities have caused and will continue to cause THOIP grave and irreparable harm. Unless restrained and enjoined by this Court, Defendant will persist in its unlawful activities, thereby causing further damage and irreparable harm to THOIP and to the public interest.

50.    Due to this irreparable harm, THOIP has no adequate remedy at law.

## CLAIM I

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. 1125(a)

51.    Plaintiff hereby realleges and incorporates herein the allegations set forth in each and every preceding paragraph of this Complaint.

52.     The aforesaid acts of Defendant constitute use in commerce of words, terms, names, symbols and combinations thereof and false designations of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with THOIP, or as to the origin, sponsorship or approval of Defendant's and THOIP's goods, each by the other.

53.     The aforesaid acts of Defendant constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant is directly, vicariously and/or contributorily liable for such false designation of origin.

55.     The aforesaid acts of Defendant were willfully intended to trade on the reputation and goodwill associated with the following marks, among others:

1)     The LITTLE MISS BOSSY Word Mark,
2)     The LITTLE MISS BOSSY Character Mark
3)     The LITTLE MISS SPLENDID Word Mark
4)     The LITTLE MISS SPLENDID Character Mark
5)     The LITTLE MISS NAUGHTY Word Mark
6)     The LITTLE MISS NAUGHTY Character Mark
7)     The LITTLE MISS BAD Word Mark
8)     The LITTLE MISS BAD Character Mark
9)     The LITTLE MISS Word Mark Family
10)    The LITTLE MISS Character Mark Family

56.     The foresaid acts of Defendant have caused, and are continuing to cause, grave and irreparable harm to THOIP.  Unless permanently restrained by this Court, such irreparable harm will continue.

## CLAIM II

## COMMON LAW STATE TRADEMARK INFRINGEMENT

57.    Plaintiff hereby realleges and incorporates herein the allegations set forth in each and every preceding paragraph of this Complaint.

58.    The aforesaid acts of Defendant constitute the use of a designation that is likely to cause confusion as to the source, sponsorship, endorsement or affiliation of the Little Miss Disney Shirts.

59.    The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of New York as well as the several states of the United States of America.

60.    Defendant is directly, vicariously and/or contributorily liable for such false designation and trademark infringement.

61.    The aforesaid acts of Defendant have caused, and are continuing to cause, grave and irreparable harm to THOIP.  Unless permanently restrained by this Court, such irreparable harm will continue.

## CLAIM III

## COMMON LAW STATE UNFAIR COMPETITION

62.    Plaintiff hereby realleges and incorporates herein the allegations set forth in each and every preceding paragraph of this Complaint.

63.    The aforesaid acts of Defendant constitute the use of a designation that is likely to cause confusion as to the source, sponsorship, endorsement or affiliation of the Little Miss Disney Shirts.

64.    The aforesaid acts of Defendant constitute unfair competition in violation of the common law of the State of New York as well as the several states of the United States of America.

65.    Defendant is directly, vicariously and/or contributorily liable for such false designation and unfair competition.

66.    The aforesaid acts of Defendant have caused, and are continuing to cause, grave and irreparable harm to THOIP.  Unless permanently restrained by this Court, such irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff THOIP requests judgment against Defendant Disney as follows:

1.    That Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from manufacturing, licensing or distributing the Little Miss Disney Shirts, or otherwise using the following trademarks for any product or in connection with any product:

1)    the LITTLE MISS BOSSY Word Mark;

2)    the LITTLE MISS BOSSY Character Mark;

3)    The LITTLE MISS SPLENDID Word Mark

4)    The LITTLE MISS SPLENDID Character Mark

5)    The LITTLE MISS NAUGHTY Word Mark

6)    The LITTLE MISS NAUGHTY Character Mark

7)    The LITTLE MISS BAD Word Mark

8)    The LITTLE MISS BAD Character Mark

9)    the LITTLE MISS Word Mark Family;

10)    the LITTLE MISS Character Mark Family;

or using any colorable imitation of, or any designation confusingly similar to those trademarks.

2.    That Defendant, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from representing by any means whatsoever, directly or indirectly, or doing any other acts calculated or likely to cause confusion, mistake or to deceive the public into believing that Defendant's goods are the goods of THOIP, or that there is any affiliation or connection between THOIP and Defendant's goods, and from otherwise unfairly competing with THOIP.

3.    That Defendant be ordered to destroy all copies of the Little Miss Disney Shirts, or any other infringing products, within their possession, custody or control.

4.    That Defendant be directed to file with this Court and to serve upon THOIP within thirty (30) days after service upon Defendant of this Court's injunction issued in this action, a written report by Defendant, signed under oath, setting forth in detail the manner in which Defendant has complied with the injunction.

5.    That THOIP recover its damages sustained as a result of Defendant's unlawful acts together with an accounting of Defendant's profits arising from such acts, in an amount to be determined at trial, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of Defendant.

6.    That THOIP recover treble damages under 15 U.S.C. § 1117(a) by reason of the willful and deliberate acts of federal trademark infringement and unfair competition by Defendant.

7.    That Plaintiff be awarded pre-judgment interest, post-judgment interest, its costs, including reasonable attorneys' fees, including but not limited to reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and all further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff THOIP demands trial by jury, pursuant to Fed. R. Civ. P. 38(b), for all issues so triable.

Dated: July 30, 2008
        New York, New York

MOSES & SINGER LLP

By: _____
      Paul M. Fakler (PF-0249)
      Martin Schwimmer (MS-7011)
      Julie Stark (JS-8925)
      Amanda J. Schaffer (AS-2004)
      405 Lexington Avenue
      New York, New York 10174-1299
      Tel.: 212-554-7800
      Fax: 212-554-7700
      pfakler@mosessinger.com

      *Attorneys for Plaintiff,*
      *THOIP (A Chorion Limited Company)*

# EXHIBIT 1



# EXHIBIT 2



1 Little Miss Bossy
2 Little Miss Naughty
3 Little Miss Neat
4 Little Miss Sunshine
5 Little Miss Tiny
6 Little Miss Trouble
7 Little Miss Giggles
8 Little Miss Helpful
9 Little Miss Magic
10 Little Miss Shy
11 Little Miss Splendid
12 Little Miss Twins
13 Little Miss Chatterbox
14 Little Miss Dotty
15 Little Miss Late
16 Little Miss Lucky
17 Little Miss Scatterbrain
18 Little Miss Star
19 Little Miss Busy
20 Little Miss Quick
21 Little Miss Wise
22 Little Miss Tidy
23 Little Miss Greedy
24 Little Miss Fickle
25 Little Miss Brainy
26 Little Miss Stubborn
27 Little Miss Curious
28 Little Miss Fun
29 Little Miss Contrary
30 Little Miss Somersault

$2.50
(3.50 CAN)

PSS!
PRICE STERN SLOAN

(Some titles may not
yet be available.)

ISBN 0-8431-7423-4

0  78814 07423  4

# EXHIBIT 3

# COMPARISON OF:
# THOIP-LICENSED "LITTLE MISS" T-SHIRTS (TOP ROW)
# AND THE "LITTLE MISS DISNEY" T-SHIRTS (BOTTOM ROW)



