```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:  6 17 09         │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                            :
THOIP (A Chorion Limited Company),          :
                                            :     08 Civ. 6823 (SAS)
            Plaintiff,                       :
                                            :     STIPULATION AND
      - against -                           :     [PROPOSED] PROTECTIVE
                                            :     ORDER CONCERNING
THE WALT DISNEY COMPANY,                     :     CONFIDENTIAL
                                            :     INFORMATION
            Defendant.                       :
                                            :
-------------------------------------------------------- X

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT:**

1.     In connection with discovery proceedings in this action, any party to this action or any third party providing discovery material in this action (hereinafter "Producing Party") may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the proprietary information used by the parties in, or pertaining to, their business, which is not generally known, and which the parties would not normally reveal to third parties or would cause third parties to maintain in confidence, including, without limitation, trade secrets, financial data, contracts and agreements, current and future business plans, and marketing documents ("Confidential Material").

2.     Confidential Material shall be so designated by stamping each page of a document containing Confidential Material produced to a party (the "Receiving Party") with the legend

"CONFIDENTIAL." With respect to any materials designated as "Confidential" that are not produced in paper form (such as CDs, diskettes, magnetic media, and other Material not produced in paper or tangible form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" and shall inform all counsel in writing of the "Confidential" designation of such Material at the time such Material is produced. A Producing Party's designation of information as "Confidential" pursuant to this Order shall constitute a representation that the Producing Party has reviewed the information and has a good faith basis for its designation.

3.      The parties may further designate certain information of a highly confidential and/or proprietary nature as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in the manner described in paragraph 2 above. Attorneys' Eyes Only Material is Confidential Material that would cause competitive harm to the Producing Party or provide competitive value to the Receiving Party if the designated information were to be disclosed to the Receiving Party. A Producing Party's designation of information as Attorneys' Eyes Only Material pursuant to this Order shall constitute a representation that the Producing Party has reviewed the information and has a good faith basis for its designation.

4.      Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("Restricted Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. "Restricted Material" shall not include information that: (i) is in the public domain at the time of disclosure, through no fault of the party challenging the designation; (ii) becomes part of the public domain through no fault of the party challenging the designation; (iii) was in the Receiving Party's rightful and lawful possession at the time of disclosure; or (iv) is

-2-

lawfully received by the Receiving Party from a third party at a later date without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party; and such information shall not be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

5.      Information disclosed at (i) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (ii) the deposition of a third party, where the information pertains to a party, may be designated by any party as Restricted Material by indicating on the record at the deposition that the testimony or any portion thereof is "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and is subject to the provisions of this Agreed Protective Order. Any party may also designate information disclosed at such depositions as Restricted Material by notifying all of the parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Highly Confidential - Attorneys' Eyes Only" for a period of twenty (20) days after the receipt of the transcript. Any portion of a deposition designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or any separately bound volume so designated, shall not be filed with the Court, except in accordance with paragraph 9 of this Order.

6.      Confidential Material may be disclosed or made available only to the Court (including its personnel and any Jury impaneled in this action), to outside counsel of record in this Action ("Outside Counsel"), any paralegal, clerical, or secretarial staff who is employed by Outside Counsel and whose receipt of such Confidential Material is deemed necessary by such Counsel to aid in the prosecution, defense, or settlement of this action, and to the "qualified persons" designated below:

-3-

(a)     A party, or an officer, director, or employee of a party whose receipt of such Confidential Material is deemed necessary to aid in the prosecution, defense, or settlement of this action by Counsel and who has been advised of the material's confidentiality;

(b)     Independent experts or consultants retained by a party solely for the purposes of prosecuting or defending this action.

(c)     court reporter(s) and videographer(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action who was involved in the preparation of the Confidential Material, who is shown as a recipient, sender or author of the Confidential Material on the face of the Confidential Material, or to whom the Confidential Material has previously been disclosed (the fact that Confidential Material may be disclosed in a deposition or other proceeding to a court reporter or witness does not permit the disclosure of such Confidential Material during the same deposition or other proceeding to other persons not otherwise included in the list of qualified persons); and

(e)     any other person as to whom the Producing Party agrees in writing. Prior to receiving any Confidential Material, each "qualified person" (other than an independent court reporter retained to transcribe or videotape depositions) shall be provided with a copy of this Order and shall execute an agreement to be bound in the form of Attachment A. It shall be the duty of counsel of record in this case to maintain the signed copies of any such agreements to be bound.

7.     Only Outside Counsel, the deponent and "qualified" persons under paragraph 6 above may attend depositions at which Confidential Material is used or discussed.

8.     Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to Outside Counsel (including any paralegal, clerical, or secretarial staff employed by that Counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above. Attorneys' Eyes Only Material shall not be disclosed to any other person or entity (including without limitation a party, or an officer, director or employee of a party), unless expressly permitted in a signed writing executed by the Producing Party. Except as specifically

-4-

amended in this Paragraph 8, all other provisions in this Order regarding Confidential Material shall apply to material designated as Attorney's Eyes Only Material. Notwithstanding the foregoing, Attorneys' Eyes Only Material may also be disclosed to Alec Lipkind, Vice President, Counsel for The Walt Disney Company, on the condition that any such Attorneys' Eyes Only Material be kept only within his office at all times.

9.    Each person set forth in Paragraph 6 who is not (i) Outside Counsel for a party, or staff or supporting personnel of Outside Counsel for a party; or (ii) the Court or Court personnel to whom information or materials designated under this Order are to be disclosed; or (iii) Alec Lipkind, Esq., shall, prior to receiving Restricted Material, be furnished with a copy of this Order and a copy of the Non-Disclosure Agreement attached hereto as Exhibit A, which the person shall read and sign. Counsel for the party seeking to disclose material designated under this Order to any such person pursuant to this Order shall be responsible for retaining the executed originals of all such Non-Disclosure Agreements.

10.    All documents or exhibits containing Restricted Material that are filed with the Court shall be separately filed in a sealed envelope marked "Confidential Information governed by Protective Order in *THOIP v. The Walt Disney Company*, 08 Civ. 6823 (SAS)."

11.    A Producing Party that inadvertently fails to designate discovery material (whether written documents or deposition testimony) as "Confidential" or "Confidential -- Attorney's Eyes Only" at the time of its production or disclosure shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. The Parties will not be in breach of this Order for any disclosure made prior to receipt of such notice that would otherwise have been authorized by this Order but for the subsequent designation. Those individuals who reviewed the re-designated discovery material prior to notice of the re-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the re-designated materials.

12.    A Producing Party that inadvertently produces any document or other information during discovery in this action that is otherwise privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently Producing Party, the party to whom that information was produced (a) shall immediately destroy the original and all copies (physical or electronic) of such material and shall send the Producing Party written confirmation of that destruction within 10 calendar days of having received the request and (b) shall not thereafter use such information for any purpose unless authorized to do so by the Court.

13.    Should any of the Parties challenge the Producing Party's designation of any document(s) as either "Confidential" or "Highly Confidential – Attorney's Eyes Only," the Parties agree to attempt to resolve the dispute in good faith. If the Parties cannot resolve the dispute, the challenging Party may seek a ruling from the Court regarding the proper designation of the document(s). The Producing Party shall bear the burden of demonstrating that the document(s) are properly designated. Any disputed documents will be retained and treated in accordance with the designation of the Producing Party unless and until the Court rules otherwise.

14.    This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information was properly designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" or whether its use should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

15.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or

-6-

document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or of altering any existing obligation of any party or the absence thereof.

16.    This Order shall survive the final termination of this action, to the extent that the information contained in Restricted Material is not or does not become known to the public. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder, and all parties consent to the jurisdiction of this Court over them to resolve any such dispute. Within sixty (60) days of the final resolution of this action, unless counsel for the parties agree in writing otherwise, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential or Confidential – Attorneys' Eyes Only and all copies of same, or shall certify the destruction thereof. Notwithstanding the foregoing, each party's outside counsel of record in this action may retain copies of any pleading, motion or other filed document, exhibit, internal memorandum or other work product that reflects Restricted Material, provided that any such materials retained by counsel shall remain subject to the provisions of this Order.

STIPULATED AND AGREED:

DATED: February 11, 2009                    MOSES & SINGER LLP

                                            By: _____

                                                Paul M. Fakler (PF-0249)
                                                Martin Schwimmer (MS-7011)
                                                Julie Stark (JS-8925)
                                                Amanda Schaffer (AS-2004)
                                                Jordan Greenberger (JG-0316)
                                                405 Lexington Avenue
                                                New York, New York 10174-1299
                                                Tel: (212) 554-7800
                                                Fax: (212) 554-7700

                                                Attorneys for Plaintiff

DATED: February 11, 2009                    O'MELVENY & MYERS LLP

                                            By: _____

                                                Dale M. Cendali, (DC 2676)
                                                Melanie Bradley (MB 0823)
                                                7 Times Square
                                                New York, New York 10036
                                                Tel: (212) 326-2000
                                                Fax: (212) 326-2061
                                                dcendali@omm.com

                                                Attorneys for Defendant

**SO ORDERED:**

Dated: New York, New York
       February ___, 2009

       June 16                              HON. SHIRA A. SCHEINDLIN
                                            United States District Judge

-8-

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
THOIP (A Chorion Limited Company),                           :
                                                             :    08 Civ. 6823 (SAS)
            Plaintiff,                                        :
                                                             :    **AGREEMENT TO BE BOUND**
    - against -                                              :    **BY PROTECTIVE ORDER**
                                                             :    **CONCERNING**
THE WALT DISNEY COMPANY,                                     :    **CONFIDENTIAL**
                                                             :    **INFORMATION**
            Defendant.                                        :
                                                             :
------------------------------------------------------------ X

I have read the Protective Order ("Order") entered in the above-captioned action. I

understand the Order's terms, and agree to be fully bound by those terms. I hereby consent to

the jurisdiction of the United States District Court for the Southern District of New York for

purposes of the enforcement of this Agreement. I understand, in particular, that any Confidential

or Attorneys' Eyes Only Material (as defined in the Order), may be used only for purposes of

this litigation and may not be used for any other purpose, including without limitation, any

business or commercial purpose.

Dated: _____        Agreed: _____

                                       (Signature)


                           Name: _____


                           Address: _____